**E-Filed 6/3/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>ANTONIO GARCIA,<br><br>        Defendant. | Case No. CR 02-20085 JF<br><br>ORDER[1] DENYING MOTION TO DISMISS COUNT TWELVE OF THE INDICTMENT<br><br>[re: docket nos. 347, 352] |

    Defendant Antonio Garcia moves to dismiss Count Twelve of the indictment in the above-captioned pursuant to the Court's supervisory powers over grand jury proceedings. Co-defendant Javier Vasquez-Robles joins in the motion. Essentially, Garcia claims that the government presented testimony to the grand jury as to whether certain words were code names for controlled substances that was inconsistent with testimony concerning the same subject that had been presented earlier to a judge of this Court by a different government agent in connection with a wiretap authorization. He argues that because the remaining evidence presented to the grand jury was extremely weak, it is highly likely that he would not have been indicted if the

---

   [1] This disposition is not appropriate for publication in the official reports.

challenged testimony had not been presented.  He does not claim, nor is there any evidence, that the inconsistency in the agents' testimony was intentional or that there was any deliberate misconduct by the government.  Rather, he claims that the government should have known of the inconsistency and was negligent in failing to recognize and correct it.

Because it plainly implicates the separation of powers, judicial intervention in the grand jury process is exceedingly rare.  The law in the Ninth Circuit, as it is elsewhere, is that "an indictment may be dismissed only in flagrant cases of prosecutorial misconduct." *United States v. DeRosa*, 783 F.2d 1401, 1405 (9th Cir.), *cert. denied*, 477 U.S. 908 (1986). Although at least one Ninth Circuit case suggests in dicta that even unintentional misconduct "can also cause improper influence and usurpation of the grand jury's role," *United States v. Samango*, 607 F.2d 877, 882 (9th Cir. 1979), the holding in that case was based on "the cumulative effect of [the prosecutor's] errors and indiscretions, none of which alone might have been enough to tip the scales." *Id.* at 884.

*United States v. Al Mudarris*, 695 F.2d 1182 (9th Cir. 1983), a later Ninth Circuit case relied upon by Garcia, also is distinguishable.  As noted by Garcia, the court in that case made clear that it was affirming the defendants' convictions despite government misconduct "only because of overwhelming evidence of guilt that was presented to the grand jury." *Id.* at 1189. However, the misconduct at issue was both pervasive and for the most part deliberate, creating a situation in which "a summary procedure [was] combined with overbearing tactics and misleading instructions." *Id.* at 1188.

Garcia cites no case in which an indictment has been dismissed because of a single, unintentional instance of inconsistent testimony by government agents.  While it is inclined to agree with Garcia that the evidence as to Count Twelve in the absence of the challenged testimony is thin, perhaps even to the extent that a motion to dismiss under F.R.Crim.P. 29 might be granted at trial, the Court concludes that invading the province of the grand jury on the basis of what at worst is an isolated instance of negligence would be an inappropriate exercise of its discretion.

Good cause therefore appearing, the motion to dismiss is denied.

DATED:  June 3, 2009

_____
JEREMY FOGEL
United States District Judge

1  Copies of Order served on:

3  Gary G. Fry gary.fry@usdoj.gov

4  Gregory Lee Myers gregory.myers@fresno.gov

5  Hartley M.K. West hartley.west@usdoj.gov, wilson.wong@usdoj.gov

6  Jana Logan jlogan@kirbymac.com

7  Nicholas P. Humy nicholas_humy@fd.org, cynthia_lie@fd.org, Mara_Goldman@fd.org, nanetta_bernal@fd.org

9  Paul Brandeis Meltzer meltzerlaw@aol.com

10  Peter A. Leeming paleeming@sbcglobal.net

11  Richard B. Mazer richardbmazer@gmail.com

12  Thomas Anthony Colthurst tom.colthurst@usdoj.gov

ORDER DENYING MOTION TO DISMISS COUNT TWELVE OF THE INDICTMENT
Case No. CR-02-20085 JF